[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12983
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00081-LSC-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DI ANTE TYSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 19, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

On appeal, Michael Di Ante Tyson challenges his conviction for carrying a

firearm during and in relation to a drug trafficking offense, in violation of 18

U.S.C. § 924(c)(1)(A).  He argues that the government failed to put forth sufficient

evidence for a reasonable jury to conclude that the gun Tyson possessed promoted, advanced, or facilitated the conspiracy to traffic in marijuana. After thorough review, we affirm.

We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds. United States v. Friske, 640 F.3d 1288, 1290 (11th Cir. 2011). We review the evidence in the light most favorable to government and draw all reasonable inferences and credibility choices in favor of the government. Id. at 1290-91. A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt. Id. at 1291. The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial. Id.

Pursuant to 18 U.S.C. § 924(c)(1)(A), "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to enhanced penalties. 18 U.S.C. § 924(c)(1)(A). Thus, § 924(c)(1)(A) contains two prongs that can trigger enhanced penalties: (1) the "uses or carries" a firearm "during and in relation to" prong, and (2) the "possesses" a firearm "in furtherance" prong.

2

United States v. Haile, 685 F.3d 1211, 1217 (11th Cir. 2012), cert. denied, 133 S.Ct. 1723 and 133 S.Ct. 1724 (2013).

Under the first or "in relation to" prong of § 924(c), the government must establish that the defendant: (1) used or carried the firearm; (2) during and in relation to; (3) a drug trafficking offense (or crime of violence). Smith v. United States, 508 U.S. 223, 227-28 (1993). The Supreme Court has held that the "carry" element of § 924(c)(1)(A) extends to transporting a firearm in one's car, including a locked trunk. Muscarello v. United States, 524 U.S. 125, 127, 139 (1998). In order for the government to establish that the firearm was carried "in relation to" the drug trafficking offense, the government must show that the firearm had "some purpose or effect with respect to the drug trafficking crime" and that its "presence or involvement" was not the result of accident or coincidence. United States v. Timmons, 283 F.3d 1246, 1251 (11th Cir. 2002) (quotation omitted). To do so, the government must show either that the gun facilitated the drug trafficking offense or that it at least had the potential of facilitating the drug trafficking offense. Id. A drug trafficking offense, for purposes of § 924(c), "means any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). A violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) is a drug trafficking crime because it is a felony punishable under the Controlled Substances Act. See 21 U.S.C. § 841.

3

Here, Tyson concedes that he was the owner of both the firearm and the marijuana found in the trunk of the rental car, and he appears to argue only that the evidence was insufficient to establish the "in relation to" prong of § 924(c) under which he was charged and convicted. However, as the record shows, the government put forth sufficient evidence to satisfy the "in relation to" element of § 924(c)(1)(A). Both Sgt. Franks and Agent Lolley testified that the gun was found in a backpack within arm's reach of a garbage bag full of marijuana. They also testified that the gun was immediately accessible upon opening the trunk and unzipping the backpack. Moreover, Agent Stephen testified that guns are "tools of the trade" of drug trafficking and that a gun serves as one of the only forms of insurance to protect the trafficker, his money, and his drugs. While none of the evidence presented shows that the gun directly facilitated Tyson's drug trafficking, it did show that the gun would have had the potential to facilitate the drug trafficking, and a reasonable jury could have concluded such. See Timmons, 283 F.3d at 1251. Accordingly, we affirm.

**AFFIRMED.**

4